Filed 6/20/25  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100751 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F00222 ) |
| v. | |
| JORGE ALBERTO MARTINEZ, JR., | |
| Defendant and Appellant. | |

Defendant Jorge Alberto Martinez, Jr.,[1] was sentenced to a stipulated term of 10 years in prison after pleading no contest to three sexual offenses involving a minor. Defendant's appointed counsel asked this court to independently review the record to

---

[1]     Defendant's name is listed in the record as "Jorge Martinez," "Jorge Alberto Martinez," "Jorge A. Martinez," and "Jorge Alberto Martinez, Jr."  We use the latter name in this opinion.

1

determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having done so, and finding none, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2006, defendant, who was almost 33 years old at the time, had sexual intercourse with the 13-year-old victim on three occasions (in his house, in her house, and in his car).[2]  That same month, he was arrested and charged with four counts of committing a lewd and lascivious act on a minor under 14 years of age (counts one through four), one count of possessing images of a minor engaged in an act of sexual conduct (count five),[3] one count of unlawfully carrying a concealed firearm in a vehicle (count six), and one count of unlawfully carrying a concealed dirk or dagger on his person (count seven).  For the lewd and lascivious act on a minor counts, the complaint expressly gave notice that each offense constituted a serious felony under Penal Code[4] section 1192.7, subdivision (c) and that conviction of the offense would require defendant to register under section 290.  Defendant was arraigned on the complaint and the court appointed him counsel and released him on bond.

After defendant failed to appear at a scheduled hearing in August 2006, the trial court issued a bench warrant for his arrest.  The bail bond was forfeited the following month.  In July 2007, the court granted a motion to vacate the forfeiture, exonerate bail,

---

[2]  This brief factual summary is based on the stipulated factual basis for defendant's plea.

[3]  The statutory reference in the complaint to Penal Code section 313.3 as the basis for count five was in error as that statute stated then, and now, that "[i]t shall be a defense in any prosecution for a violation of this chapter that the act charged was committed in aid of legitimate scientific or educational purposes."

[4]  Further undesignated statutory references are to the Penal Code.

and toll time. In March 2017, the district attorney requested that the trial court reissue the bench warrant, which had apparently been cleared in error.

Defendant evaded apprehension for over a decade until he was arrested on a different criminal matter in Los Angeles in 2019. By November 2020, defendant was back in custody on this case.

In April 2021, criminal proceedings were suspended after defense counsel declared a doubt as to defendant's competency under section 1368. The parties submitted on a doctor's evaluation that expressed the opinion defendant was malingering, and the court found defendant competent to stand trial and reinstated criminal proceedings.

In August 2021, an amended felony complaint charged defendant with eight counts of committing a lewd and lascivious act on a minor under the age of 14 years (counts one through eight) and one misdemeanor count of unlawfully developing or printing a photograph depicting a person under 18 years of age engaged in an act of sexual conduct (count nine). The amended complaint again notified defendant that the lewd and lascivious act counts were serious felonies and would require him to register as a sexual offender under section 290 if convicted. Following a preliminary examination, defendant was held to answer on counts one through eight but not on count nine, although the trial court stated it would allow the prosecution to file count nine if it found an applicable statute based on the preliminary examination testimony. Count nine was subsequently amended by interlineation to allege a felony violation of section 311.11, subdivision (a). The information was subsequently amended again to allege aggravating factors under rule 4.421(a) of the California Rules of Court.

In May 2022, defendant moved to represent himself. The trial court granted the request after admonishing defendant pursuant to *Faretta v. California* (1975) 422 U.S. 806. Defendant agreed to continue to waive time to allow himself time to prepare for trial. At a subsequent hearing, the court cautioned defendant about representing himself on these serious and violent charges, which the court explained qualified as strikes under

3

the "Three Strikes" law. Defendant acknowledged the severity of the charges, but continued propria persona.

While representing himself, defendant filed numerous motions,[5] including motions to reduce bail or to be released on his own recognizance, *Pitchess*[6] motions for discovery of law enforcement personnel records, and motions to disqualify the judge and the prosecuting attorney, all of which the court denied. Defendant also moved for several trial continuances, which were generally granted, and filed multiple discovery related requests and a request to plead guilty in exchange for a suspended sentence.

In February 2023, defendant agreed to continue trial and entered a general time waiver. In May 2023, the trial court appointed the public defender to represent defendant, declared a doubt as to his competency, and suspended criminal proceedings. The following month, the public defender was relieved due to overload and conflict panel attorney, Jay Dyer, was appointed as defendant's counsel.

---

[5] Defendant also filed motions for DNA testing, to inspect the juvenile case file of the victim, to dismiss for outrageous police conduct, to preclude multiple convictions, to preclude multiple punishments under section 654, to find the case unusual for purposes of probation, to suppress eavesdropping evidence, to suppress a witness statement, to compel the release of subpoenaed records related to the victim's psychiatric record and a sexual assault response team exam, to return legally seized property (a firearm), to permit a psychological exam of a witness, to exclude inadmissible hearsay, to introduce victim character evidence, to introduce the victim's prior sexual conduct, and an objection to a plea agreement sentence. The prosecution responded to these motions, as well as the numerous bail requests, in a single pleading, arguing the motions related to sentencing were premature, that certain pretrial motions regarding the presentation or exclusion of evidence should be deferred to the assigned trial court, and that the remaining motions should be denied for a multitude of reasons. At various times throughout the proceedings, defendant withdrew certain motions, the parties came to an agreement on others, the court denied some, and defendant did not press for a ruling on the remaining motions before pleading no contest.

[6] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

In August 2023, the trial court considered two competency evaluations; one doctor found defendant competent to stand trial and that he was likely malingering his symptoms while the other found him incompetent. The court agreed defendant was malingering, found him to be competent, and reinstated criminal proceedings.

In October 2023, while represented by attorney Dyer, defendant agreed to plead no contest to three counts of committing a lewd and lascivious act on a minor under 14 years of age (counts four, seven, & eight), which would qualify him as a tier two sex offense registrant, in exchange for a stipulated sentence of 10 years in prison and dismissal of the remaining charges at sentencing. The plea minute order forms indicate defendant was advised of the requirement to register under section 290.

During the change of plea hearing, the trial court explained that each offense was a serious and violent felony, which constituted a strike, and that defendant would have to register as a sex offender under section 290. Defendant said he understood. Defendant also acknowledged that he had had sufficient time to discuss the charges, defenses, and consequences of his plea with his attorney; that no one had threatened him or promised him anything other than what the court had explained regarding the plea agreement; and that he had no further questions for his counsel about the plea and its consequences.

In December 2023, the trial court relieved attorney Dyer. In January 2024, defendant's newly retained counsel filed a motion to withdraw his plea under section 1018, arguing that he accepted the plea while under duress from attorney Dyer and was not told he would receive only 15 percent credits for the serious and violent felony convictions. The prosecution opposed the motion.

The trial court considered the plea withdrawal motion at a hearing in February 2024. Defense counsel argued defendant should be permitted to withdraw his plea because he did not understand the plea agreement when entered. Defendant gave an unsworn statement at the hearing, raising several new arguments, including that he was not told that he would have to register as a sex offender for 20 years, that he would be

5

under supervision for 15 years upon his release, or that he was pleading to a strike. He continued to argue that he was not told he would receive 15 percent credits, as opposed to 50 percent credits, and that he was unduly coerced by his appointed counsel to plead to the charges even though he wanted more time to consider the prosecution's 10-year offer. Citing the transcripts from prior hearings as well as the change of plea hearing, the prosecution argued defendant was told of the tier two registration requirement; informed he was pleading to serious and violent felonies, which constituted strikes; was not misinformed about the terms of parole or credit issues; and was twice found to be malingering during the section 1368 competency proceedings. Attorney Dyer, defendant's prior appointed counsel during the plea negotiations, attended the hearing and informed the court that he did not believe defendant was under duress when he pled and denied any misadvisements.

In March 2024, the trial court issued a written ruling denying the plea withdrawal motion, finding defendant's duress assertions were not credible, and crediting his prior appointed counsel's statements that he did not misadvise or pressure defendant during the plea negotiations. Later that month, the court sentenced defendant to the stipulated 10-year term under the plea agreement, imposing the midterm of six years for count four and consecutive terms of two years each for counts seven and count eight (one-third the midterm). The court reserved jurisdiction on victim restitution, waived all nonmandatory fines, suspended the restitution fund fines, and awarded 1,434 days of credit (1,247 days of actual credit, plus 187 days of conduct credit). Defendant was ordered to register as a tier two sex offender for a minimum of 20 years. The court entered a 10-year criminal protective order.

Defendant appeals. In October 2024, we granted defendant's request to file an amended notice of appeal and to seek a belated certificate of probable cause, which the trial court granted.

DISCUSSION

Appointed counsel filed an opening brief pursuant to *Wende*. Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an independent examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
BOULWARE EURIE, J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.